# IN THE COURT OF APPEALS OF IOWA

No. 25-0538
Filed April 1, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Marvin Israel Ramos Bautista,**
Defendant–Appellant.

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Melissa Anderson-Seeber, Judge.

**AFFIRMED**

Britt Gagne of Gagne Law Office, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

Marvin Israel Ramos Bautista asks us to reverse his conviction based on an alleged error he never raised at trial. Because we do not decide issues the district court was never asked to decide, we affirm.

## BACKGROUND FACTS AND PROCEDURE

The State charged Marvin Israel Ramos Bautista by trial information with sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) (2023). The charge arose from allegations that on November 18, 2023, Ramos Bautista engaged in a sex act on J.R., a child under the age of twelve.

At the time of the abuse, J.R. was in the temporary custody of her aunt. That evening, Ramos Bautista picked J.R. up for a visit. Later that night, J.R. contacted her aunt in distress and asked to be picked up, reporting that Ramos Bautista had touched her. After returning to her aunt's care, J.R. further disclosed that Ramos Bautista removed her clothing and engaged in sexual intercourse with her despite her protests.

J.R. was taken for medical evaluation, where a sexual assault examination was performed. Law enforcement initiated an investigation that included a forensic interview and the collection of physical evidence. Subsequent testing by the Iowa Division of Criminal Investigation revealed the presence of seminal fluid. DNA analysis identified Ramos Bautista as the source, with an extremely low probability of the profile occurring in an unrelated individual.

The State filed the trial information and original minutes of testimony shortly thereafter. The district court appointed an interpreter for Ramos Bautista. Throughout the entirety of the proceedings Ramos Bautista

2

was represented by counsel. Ramos Bautista later waived his right to a speedy trial. The State subsequently filed additional minutes of testimony in July and October 2024.

The case was set for a bench trial on November 4, 2024. On the morning of trial, the State filed a set of additional minutes of testimony. These materials included more specific identification of previously disclosed medical witnesses and attached medical records.

Prior to trial commencing, Ramos Bautista waived his right to a jury trial and agreed to proceed by trial on the minutes of testimony. During the colloquy, the district court confirmed that Ramos Bautista understood the nature of the proceeding and that the court would consider the minutes and additional minutes of testimony in the record. The State referenced the additional minutes filed that morning, and the court acknowledged their receipt. Ramos Bautista did not object.

The matter was submitted to the court on the minutes. In a written ruling filed January 9, 2025, the district court stated that it considered the original minutes and all additional minutes of testimony, including those filed on the trial date, in reaching its decision. The court found Ramos Bautista guilty as charged.

The court later imposed a sentence not to exceed twenty-five years imprisonment, subject to a mandatory minimum term. Ramos Bautista appeals, arguing he was convicted based on evidence filed hours before trial, without a meaningful opportunity to review it, in violation of rule-based notice requirements and due process.[1]

---

[1] Iowa R. Crim. P. 2.19(2)(a) ("The prosecuting attorney shall not be permitted to introduce any witness whose minutes of testimony were not

## STANDARD OF REVIEW

The standard of review for rulings on questions of statutory interpretation is for correction of errors at law. *State v. Iowa Dist. Ct.*, 889 N.W.2d 467, 470 (Iowa 2017). Review of constitutional claims is de novo. *State v. Formaro*, 773 N.W.2d 834, 838 (Iowa 2009).

## DISCUSSION

We begin and end with error preservation. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "Litigants may not raise issues—including constitutional issues—for the first time in an appeal." *State v. McClain*, 20 N.W.3d 488, 495–96 (Iowa 2025) (quoting *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022)).

Ramos Bautista contends the district court erred in considering additional minutes of testimony filed on the morning of trial, asserting both a violation of the rules of criminal procedure and a deprivation of due process. But the record does not show that Ramos Bautista raised any objection on these grounds to the district court.

To the contrary, during the colloquy, the district court expressly confirmed that it would consider the minutes and additional minutes of testimony. The State specifically referenced the additional minutes filed that morning. When asked, Ramos Bautista agreed the court could consider the

---

filed at least 10 days before the commencement of trial . . . ."); *see* U.S. Const. amend. VI; Iowa Const. art. I, § 9.

4

minutes and additional minutes of testimony and voiced no objection. Nor did Ramos Bautista request a continuance, seek exclusion of the late-filed materials, or otherwise alert the court to any concern related to timing, review, or ability to prepare.

Under these circumstances, error was not preserved. Our error-preservation rules do not permit "a party to choose to remain silent in the trial court in the face of error, take a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *State v. Crawford*, 972 N.W.2d 189, 199 (Iowa 2022) (quoting *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015)). Because Ramos Bautista failed to preserve error on his rule-based and constitutional claims, we do not reach the merits.

**AFFIRMED.**